He could have protected himself from a loss of but three dollars cartage and the expenses of sale by attending such sale and purchasing the property, and at the same time have preserved his legal rights.

The defendant was bound to sell " upon the best terms that can be obtained." It sent the fish to the principal market of the city, to a large and well-known dealer, instructed him to sell at the best price he could, and they were sold in open market at the highest price possible. This was a compliance with the terms of the act. The material facts in the case being undisputed, the questions arising are those of law only.

The judgment must be modified by reducing the amount of the recovery in the court below to the sum of thirteen dollars and ninety-four cents and costs, and as modified affirmed, without costs to either party on this appeal.

GILDERSLEEVE and GIEGERICH, JJ., concur.

Judgment modified by reducing amount of recovery in court below to thirteen dollars and ninety-four cents and costs, and as modified affirmed, without costs.

---

Matter of Summary Proceedings Brought by the EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, as Landlord, Respondent, v. OSCAR O. SCHUM, as Tenant, Appellant.

APPEAL by the tenant from a final order entered in the Municipal Court of the city of New York, eleventh district, borough of Manhattan, upon a verdict directed in favor of the landlord upon the trial.

Sackett & McQuaid, for appellant.

Alexander & Colby, for respondent.

FREEDMAN, P. J. This was a proceeding brought under the statute to remove the defendant as tenant from premises No. 2295 Eighth avenue for holding over without permission of the landlord after his term had expired.

The tenant offers three reasons for the reversal of the order in this case, viz., that the petition is defective in that it does not

sufficiently set forth the title or interest of the landlord in the premises; that an agreement for hiring offered by the landlord and admitted in evidence by the court was improperly received and that the direction of a verdict was error.

The petition was made by one Erastus Hamilton, who swore therein that he was "the agent in respect to the premises hereinafter described, of the Equitable Life Assurance Society of the United States, who are the owners and landlords of the following premises." This sufficiently sets forth the facts necessary to confer jurisdiction upon the court. The written agreement referred to was not signed by the landlord, but was signed by the tenant. The landlord elected to treat it as a lease. The tenant took possession of the premises under said agreement and cannot now question its validity. McAdam Landl. & Ten. (3d ed.) 127. The testimony offered on the part of the tenant, to the effect that the tenancy was not a tenancy for one year, but from. month to month, was received under objection and was improper, as it was an attempt to vary the terms of a written instrument by parol and such testimony had no legal effect.

At the close of the whole case there was no legal competent evidence contradicting the testimony given on the part of the landlord, consequently there was no issue of fact to be submitted to the jury; neither did the tenant object or except to a direction of a verdict in favor of the landlord.

GILDERSLEEVE and GIEGERICH, JJ., concur.

Final order affirmed, with costs.